In the Matter of the Application of PHILIP NICOSIA, Appellant, to Set Aside and Vacate a Subpœna Issued by JOHN J. DILLON, as Commissioner of Foods and Markets, Respondent.

First Department, December 7, 1917.

Foods — power of Commissioner of Foods and Markets to issue subpœna — limitation upon said power — dispute arising over sale of milk in foreign State.

Sections 30, 31, 50 *et seq.* of the Farms and Markets Law which, among other things, empower the Commissioner of Foods and Markets to take the testimony of witnesses and for the exercise of his power to issue subpœnas, do not authorize said Commissioner to issue a subpœna in a matter entirely outside the scope of his duties.

Thus, where dairymen located in a foreign State, who are under contract to deliver milk to a domestic corporation in this State to be tested by said corporation and paid for on the basis of the percentage of butter fat contained, complained to said Commissioner that the corporation had failed to make proper tests and had not paid for milk on an equitable

basis, the Commissioner has no authority to subpœna an officer of the corporation to appear and give testimony and produce books and papers showing the purchase and sale of milk in the foreign State in an attempt to do justice to both parties.

Doing justice between parties to a contract for the sale of milk in the State of Pennsylvania is not within any of the powers and duties vested in and imposed upon the Commissioner by the statute. Courts of law have been established for that purpose.

APPEAL by Philip Nicosia from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of May, 1917, denying his motion to vacate and set aside a subpœna issued by the respondent.

*George W. Alger,* for the appellant.

*Charles P. Robinson,* for the respondent.

PAGE, J.:

The Commissioner's affidavit in response to the applicant's order to show cause stated that Nicosia Bros. Co., the corporation of which applicant was an officer, is a domestic corporation, and that " Nicosia Bros. Co. entered into a contract with milk producers in the neighborhood of Nicholson, Pennsylvania, for the delivery of milk to its creamery at that place, * * * [to] be paid for on the basis of the percentage of butter fat; * * * and Nicosia Bros. Company was charged with the duty of making tests * * *. The dairymen complained that Nicosia Bros. Company has failed in this and has not paid for the milk on an equitable basis. They complained to the Commissioner and this investigation is proposed for the purpose of revealing the true state of affairs with a view to doing justice to both parties," etc. The subpœna issued by the Commissioner had called upon applicant " to give your testimony and evidence in the matter of the purchase of milk from F. Jayne " (in Pennsylvania) and " to produce * * * all books * * * and other * * * writings showing the purchase and sale of milk, both the record at Nicholson, Pa., creamery and the New York record * * *."

The questions of law presented on this appeal are two:

(1) Whether the Commissioner had jurisdiction under State statutes to carry on such an investigation; (2) whether such act is in violation of applicant's rights under Federal and State Constitutions.

The statute in question gives the Commissioner the following powers and duties:

" 1. Investigate the cost of food production and marketing in all its phases;

" 2. Aid and assist in the organization of coöperative societies among producers and consumers   *   *   *;

" 3. Hear complaints and suggestions; take testimony of witnesses and obtain evidence, and, for the exercise of such powers may issue subpoenas   *   *   *;

" 5. Have power to make rules and regulations for the grading   *   *   *   and sale of all food stuffs within the State   *   *   *." (General Business Law [Consol. Laws, chap. 20; Laws of 1909, chap. 25], § 20a, as added by Laws of 1914, chap. 245.)*

The purpose of the investigations in which the subpœna was issued is stated by the Commissioner to be " revealing the true state of affairs with a view to doing justice to both parties." Doing justice between two parties to a contract for the sale of milk in the State of Pennsylvania is not within any of the powers and duties vested in and imposed upon the Commissioner by the statute. Courts of law have been established for that purpose. His powers are limited to an investigation of the cost of food production and marketing in all of its phases, and though he is given the supplementary power to hear complaints and suggestions, take testimony and issue subpœnas, these powers are obviously only to enable him to perform the duties of his office and do not authorize the issuance of a subpœna in a matter entirely outside of the scope of his duties. A subpœna, in order to be valid, must be issued for the purpose of compelling testimony or other evidence having materiality or relevancy to some matter which is lawfully under investigation. (*Matter of Foster*, 139 App. Div. 769.) The power of the Commissioner

___

* See Farms and Markets Law (Consol. Laws, chap. 69; Laws of 1917, chap. 302), §§ 30, 31, 50 *et seq.*; Id. §§ 100–104.— [REP.

to issue the subpœna is, therefore, limited entirely to matters which he has the authority to investigate.

In this view of the case it is unnecessary to consider the constitutional question which would arise if unlimited power to issue subpœnas unrelated to any lawful investigations had been granted by the statute. As the statute clearly limits the power of the Commissioner in issuing subpœnas within its proper scope, no constitutional question is involved.

The subpœna was issued without authority and the order denying the application to vacate it must be reversed, with ten dollars costs and disbursements, and the application granted.

Clarke, P. J., Laughlin, Dowling and Shearn, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.